**Charles TITUS and Clementine Titus, Plaintiffs–Appellants,**

v.

**Thomas EWERT, et al., Defendants– Appellees.**

No. 03–3084.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 4, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Charles Titus, Clementine Titus, Joliet, IL, for Plaintiffs–Appellants.

Terry D. Weissman, Neal, Gerber & Eisenberg, Michael Resis, O'Hagan, Smith & Amundsen, Chicago, IL, for Defendants–Appellees.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Charles and Clementine Titus were involved in an automobile accident in January 2000. They retained a lawyer and filed suit, but later voluntarily dismissed that suit in order to proceed to binding arbitration with their own insurance company under their uninsured motorist coverage. An arbitrator awarded them $10,100. Dissatisfied with that figure, the Tituses filed suit in district court against several attorneys from the law firm that represented them, the arbitrator, an attorney and another employee of their insurance company, and a state court judge. They seem to allege that their attorneys committed malpractice by not securing a larger arbitration award, and that the conduct of some or all of the defendants was motivated by racial animus. The district judge observed that the complaint was an "unintelligible bundle of unconnected facts" and dismissed it for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1).

A complaint must include a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a). Neither the Tituses' complaint nor their two amended complaints comply with this rule, and we can discern no basis for federal jurisdiction over their claims. The Tituses do not allege diversity of citizenship, *see* 28 U.S.C. § 1332, and in any event it appears that they, as well as many if not all of the defendants, are citizens of Illinois. They must therefore allege a claim under the Constitution or a federal statute. *See* 28 U.S.C. § 1331; *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). But their second amended complaint fails to cite any constitutional provision or federal statute, and even under the most liberal reading of their pro se plead-

ing, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), the facts they allege present no federal issue. *See Williams*, 351 F.3d at 298.

Finally, the Tituses argue that the district court erred when it denied them leave to file a third amended complaint, in which (they assert) they would have made allegations sufficient to state a claim under 42 U.S.C. §§ 1981, 1983, and 1985. Yet the Tituses did not furnish the district court with a proposed filing that would have done this, and even on appeal their brief is silent about how the essentials of such a claim could be made out. Because the Tituses had twice filed amended complaints that failed to show federal jurisdiction, the district judge did not need to accept on faith their contention that another opportunity should be extended. *See Cacia v. Norfolk & Western Ry.*, 290 F.3d 914, 921–22 (7th Cir.2002).

AFFIRMED.